# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:02CR48

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **REGINALD LEE MUCKELVENE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on February 22, 2006 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Fredilyn Sison, and that the Government was present through Assistant United States Attorney, Tom Asick. The undersigned noted that this matter initially come on be heard at a detention hearing that had been scheduled, pursuant to a Addendum to Petition for Warrant or Summons that had been filed on February 21, 2006. The undersigned noted that it would be in the best interest of justice to hear the issues as they are contained in the violation report as they involve many of the same issues involved in the detention hearing. And from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: The defendant was charged in a bill of indictment filed on May 7, 2002 with three

counts of bank robbery. Thereafter the defendant entered a plea of guilty and was sentenced to a term of imprisonment. The judgment entered by the District Court further ordered and directed that the defendant complete a term of supervised release. The supervised release was commenced on February 22, 2005. On November 17, 2005 a petition was filed alleging that the defendant had violated terms and conditions of his supervised release. On December 8, 2005 the undersigned entered an order setting conditions of prehearing release. Those conditions included releasing the defendant on a $25,000.00 unsecured bond and further conditions which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On February 21, 2006 the defendant admitted to use of cocaine that had occurred on February 20, 2006.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
 (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2) finds that ---
 (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person will
not flee or pose a danger to the safety of any other person or the community; or
 (B) the person is unlikely to abide by any condition or combination
of conditions of release.

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is also probable cause to believe that the defendant committed a federal and state crime while on release. The defendant possessed cocaine so that he could consume that substance. That possession violated both federal and state law. The possession of cocaine is a misdemeanor under federal law. 21 U.S.C. § 844. The possession of cocaine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown by clear and convincing evidence that the defendant violated the term and condition that had ordered him to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has clearly violated this condition by possessing cocaine which is a drug which is not prescribed by licensed medical practitioners.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition

or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

```
                              Signed: February 25, 2006
```

_____
Dennis L. Howell
United States Magistrate Judge